1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| PUBLIC HOSPITAL DISTRICT NO. 1 OF SNOHOMISH COUNTY, dba EVERGREENHEALTH MONROE, | NO. |
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF |
| v. | JURY DEMAND |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff Public Hospital District No. 1 of Snohomish County, dba EvergreenHealth Monroe ("EHM"), alleges for its Complaint as follows:

## I.  INTRODUCTION

1.1.    This is an insurance coverage action seeking declaratory relief under 28 U.S.C. § 2201.  Plaintiff EHM recently asked Defendant American Guarantee and Liability Insurance Company ("Zurich") to agree to toll the one-year suit limitations clause in the subject insurance policy because Zurich's coverage investigation was incomplete.  Zurich responded by agreeing to toll, but only "to the extent that such limitation period has not already run."  EHM is thus

COMPLAINT FOR DECLARATORY RELIEF - 1

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

filing this lawsuit because (i) there is an actual and justiciable controversy over coverage for EHM's insurance claim, and (ii) EHM must preserve its right to sue for coverage.

## II.  PARTIES

2.1.    **EvergreenHealth Monroe.**  Plaintiff EHM is a Washington public hospital district.  EHM's principal place of business is in Snohomish County, Washington.

2.2.    **Zurich.**  Defendant Zurich is a New York corporation with a principal place of business in Schaumburg, Illinois.

## III.  JURISDICTION AND VENUE

3.1.    **Jurisdiction.**  This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity among the parties.  Further, this Court has jurisdiction to issue declaratory relief under 28 U.S.C. §§ 2201.

3.2.    **Venue.**  Venue is proper under 28 U.S.C. § 1391 because the events giving rise to this lawsuit occurred in this judicial district and because this lawsuit involves EHM's claim for insurance proceeds stemming from a loss occurring in Snohomish County, Washington.

## IV.  FACTUAL BACKGROUND

4.1.    **The Policy.**  Zurich, through an insurance broker located in Bellevue, Washington, sold Policy No. ZMD0158544-03 ("Policy") to EHM.  The Policy provides coverage, *inter alia*, for property damage, business interruption and extra expense (aka "Time Element"), decontamination, and interruption by communicable disease for loss occurring between October 1, 2019 and October 1, 2020.

4.2.    **The Claim.**  EHM has and continues to treat patients in connection with the COVID-19 pandemic.  EHM tendered a claim ("Claim") to Zurich associated with government

COMPLAINT FOR DECLARATORY RELIEF - 2

shut-down orders, physical loss of property, and related costs.  Zurich assigned March 19, 2020 as the date of loss and 5630047090 as the claim number.

    4.3.    **The Investigation.**  Zurich has been investigating EHM's claim for almost a year, but has yet to issue a final coverage position.  Zurich has asked EHM several questions via letters and emails, including questions about the Policy's coverage for "Interruption by Communicable Disease."  EHM has responded to those questions.  Zurich appeared to deny coverage via email on January 22, 2021, but later said via telephone it was continuing to review coverage.

    4.4.    **The Suit Limitations Clause.**  As to claims based in Washington, the Policy contains a clause providing:  "No suit, action or proceeding for the recovery of any claim will be sustained in any court of law or equity unless the Insured has fully complied with all the provisions of this Policy.  Legal action must be started within (12) twelve months after the date of direct physical loss or damage to Covered Property or to other property as set forth herein."

    4.5.    **EHM Requests Tolling.**  On March 2, 2021, EHM asked Zurich to toll the suit limitations clause because Zurich had not yet issued a final coverage position.  Zurich responded on March 5, 2021, agreeing to EHM's tolling proposal, but only for three months and only "to the extent that such limitation period has not already run."  EHM promptly requested clarification because no limitations period had yet run, and because Zurich had not complied with Washington Administrative Code 284-30-380(5):  "(5) Insurers must not continue negotiations for settlement of a claim directly with a claimant who is neither an attorney nor represented by an attorney until the claimant's rights may be affected by a statute of limitations or a policy or contract time limit, without giving the claimant written notice that the time limit may be expiring and may affect the claimant's rights.  This notice must be given to first party claimants thirty days and to third party claimants sixty days before the date on which any time

COMPLAINT FOR DECLARATORY RELIEF - 3

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

limit may expire."  As of the time of filing, Zurich has not clarified its position on whether it believes a limitations period has already run or provided final confirmation the limitations period is indeed tolled.

## V.  FIRST CLAIM:  DECLARATORY JUDGMENT

5.1.    **Incorporation by Reference.**  EHM re-alleges and incorporates by reference the preceding paragraphs.

5.2.    **This Case Presents an Actual and Justiciable Controversy.**  EHM seeks a judgment that the Policy covers the Claim and that Zurich is responsible for timely and fully paying EHM's loss.  EHM also seeks a judgment that no suit limitations period for the Claim has run, and that its Claim is not otherwise time barred.

## VI.  JURY DEMAND

6.1.    Pursuant to Federal Rule of Civil Procedure 38, EHM demands a jury on all issues so triable.

## VII.  REQUEST FOR RELIEF

7.1.    **Declaratory Judgment.**  A declaratory judgment in favor of EHM that (i) the Policy covers the Claim and that Zurich is responsible for timely and fully paying EHM's loss, and (ii) EHM's instant suit is not time-barred by the Policy or otherwise.

7.2.    **Attorney's Fees and Costs of Suit.**  For reasonable attorney's fees and costs, including, without limitation, actual attorney's fees pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.,* 117 Wn.2d 37, 811 P.2d 673 (1991).

7.3.    **Other Relief.**  Pre-judgment and post-judgment interest, and such other and further relief as the Court deems just, proper, and equitable.

COMPLAINT FOR DECLARATORY RELIEF - 4

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

DATED this 8th day of March, 2021.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiff EvergreenHealth Monroe

By    s/ *Dale L. Kingman*
    Dale L. Kingman, WSBA #07060
    dkingman@gordontilden.com


By    s/ *Greg D. Pendleton*
    Greg D. Pendleton, WSBA #38361
    gpendleton@gordontilden.com

    600 University Street, Suite 2915
    Seattle, Washington 98101
    206.467.6477

COMPLAINT FOR DECLARATORY RELIEF - 5

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477